**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

|   |   |
|---|---|
| IN RE: ) ) BIN HAO ) ) Debtor ) ) | Case No. 22-10478-BFK Chapter 7 |

**TRUSTEE'S MOTION TO APPROVE A SETTLEMENT
OF THE ADVERSARY PROCEEDING BROUGHT BY ASHLEY
YUAN AND OF THE FRAUDULENT TRANSFER CLAIMS
AGAINST THE YUAN-HAO 2021 IRREVOCABLE TRUST**

Janet M. Meiburger, Chapter 7 Trustee, by her undersigned counsel, pursuant to Fed. R. Bankr. P. 9019, hereby files this motion for approval of a settlement of three matters: the adversary proceeding brought by the Debtor's ex-wife, Ashley Yuan, claiming half ownership of the Debtor's interest in RealSource Properties O.P. L.P. ("**RealSource**") and of the distributions generated by that investment (the "**RealSource Claim**"); the bankruptcy estate's counterclaim for the attorney fees of defending the adversary proceeding and alternative claim for damages arising from Ms. Yuan's breach of the agreement on which she based her RealSource Claim (the "**Counterclaim**"); and the fraudulent transfer claims against the Yuan-Hao 2021 Irrevocable Trust (the "**Trust**"), arising out of the transfer by Mr. Hao and Ms. Yuan of cash and the properties located at 2208 Jensen Place, Herndon, VA 20170 (the "**Jensen Property**") and 13008 Cabin Creek Road, Herndon, VA 20171 (the "**Cabin Creek Property**") to the Trust in January, 2021 without consideration (the "**Fraudulent Transfer Claims**"). The settlement includes the release of Ms. Yuan's claim of half ownership to the RealSource investment and

---

Janet M. Meiburger, VA Bar No. 31842
The Meiburger Law Firm, P.C.
1493 Chain Bridge Road, Suite 201
McLean, VA 22101
(703) 556-7871
Counsel for Chapter 7 Trustee

distributions, the waiver of her priority child support claim to address the Counterclaim, and the transfer of the Cabin Creek Property to the bankruptcy estate by the Trust to address the Fraudulent Transfer Claims. In support of this Motion, the Trustee states as follows.

1. On April 20, 2022, Mr. Hao filed a voluntary petition for relief pursuant to Chapter 11 Subchapter V of the Bankruptcy Code (the "Petition Date"). On September 7, 2022, the Court entered an order converting the case to a case under Chapter 7 (Docket No. 255). The Trustee was appointed on September 8, 2022 (Docket No. 258).

2. Ashley Yuan is Mr. Hao's ex-wife. Ms. Yuan and Mr. Hao were divorced on April 3, 2019, when the Fairfax County Circuit Court entered that certain Final Decree of Divorce *a Vinculo Matrimonii* (the "**Final Decree**"), which incorporated an Amended and Restated Property Settlement Agreement dated November 28, 2018 (the "**Property Settlement Agreement**").

3. Mr. Hao reported an investment in Antero Apartments on his bankruptcy schedules. The correct name for the entity in which Mr. Hao owned an investment is RealSource Properties OP LP ("**RealSource**"). Mr. Hao reported this investment as entirely owned by him. Based on the net asset value provided by the investment manager, the Trustee believes that this investment is currently worth approximately $479,000.00. In addition, the investment generates distributions of approximately $2,000.00 per month.

4. On April 3, 2023, Ms. Yuan filed Adversary Proceeding No. 23-01013-BFK against the Trustee (the "**Adversary Proceeding**"), seeking a declaratory judgment that the Property Settlement Agreement gave her half ownership of the RealSource investment, including the distributions from the investment, and that her half of the investment and the distributions

2

were not property of Mr. Hao's bankruptcy estate.  Ms. Yuan also sought the imposition of a constructive trust on the investment and the distributions.

5. The Trustee has raised certain defenses to Ms. Yuan's claims in the Adversary Proceeding and has filed a counterclaim seeking reimbursement for the attorney fees incurred by the bankruptcy estate on the grounds that Ms. Yuan's claim to half ownership of the RealSource investment and the distributions was not made in good faith.   The counterclaim also asserts, as an alternative argument, that Ms. Yuan cannot enforce the Property Settlement Agreement because she herself has breached it and that the bankruptcy estate is entitled to damages as a result of her breach.

6. In addition, although no adversary proceeding has been filed, the Chapter 7 Trustee has informally asserted that the transfers of cash, the Jensen Property and the Cabin Creek Property to the Trust by Mr. Hao and Ms. Yuan in January 2021 are avoidable fraudulent transfers under 11 U.S.C. §§544 and 548 and under Va. Code §§55.1-400 and 55.1-401.

7. The background of the Fraudulent Transfer Claims is as follows.  After their divorce, Ms. Yuan and Mr. Hao owned the following properties as tenants in common:  2783 Middleton Farm Court, Oak Hill, VA  20171 (the "**Middleton Farm Property**"); 13008 Cabin Creek Road, Herndon, VA  20171 (the "**Cabin Creek Property**"); and 2208 Jensen Place, Herndon, VA 20170 (the "**Jensen Property**") (the Cabin Creek Property and the Jensen Property are referred to collectively as the "**Properties**").

8. Ms. Yuan and Mr. Hao sold the Middleton Farm Property in November 2020, and received approximately $369,000.00 in proceeds from the sale.  Of this amount, $50,000.00 was transferred to Ms. Yuan as partial reimbursement for her payment of approximately $80,000.00 to pay off a home equity line of credit second deed of trust on the Middleton Farm Property

3

before it was sold, leaving approximately $30,000.00 unreimbursed; $19,000.00 was spent before Mr. Hao filed for bankruptcy; and $300,000.00 was transferred to the Trust. Of the $300,000.00 that was transferred to the Trust, approximately $196,000.00 was used to pay off the mortgages on the Cabin Creek Property and the Jensen Property. In addition, Ms. Yuan has asserted that she is entitled to reimbursement for the remaining approximately $30,000.00 of the payment she made toward the home equity line of credit on the Middleton Farm Property and for a payment that she made of approximately $21,000.00 toward the mortgage on the Cabin Creek Property. After credit for these payments, the remainder of the $300,000.00 transferred to the Trust is approximately $52,000.00, and the Chapter 7 Trustee has informally asserted a fraudulent transfer claim for Mr. Hao's half of the $52,000.00, or $26,000.00.

9.  The title to the Cabin Creek Property also included the name of Weichang Wang, who was a real estate agent who initially contracted to purchase the Cabin Creek Property. The Parties agree that Mr. Wang did not have any beneficial interest in the Cabin Creek Property. Ms. Yuan, Mr. Hao and Mr. Wang transferred the Cabin Creek Property to the Trust on January 5, 2021 by deed of gift, without consideration. The realtor with whom the Trustee works, Helaine Newman of Berkshire Hathaway Home Services – PenFed Realty, inspected the Cabin Creek Property and gave an estimated current value of $395,000.00. There is no mortgage on the Cabin Creek Property.

10. Mr. Hao signed a lease for the Cabin Creek Property with the Trust dated January 31, 2021, and he currently lives at the Cabin Creek Property.

11. Ms. Yuan and Mr. Hao also transferred the Jensen Property to the Trust on January 5, 2021 by deed of gift, without consideration. Based on comparable sales, Ms.

4

Newman estimates that the current value of the Jensen Property is $330,000.00. There is no mortgage on the Jensen Property.

12. The Trustee, through her counsel, took extensive discovery in connection with the Adversary Proceeding. This discovery related to Ms. Yuan's claims in the Adversary Proceeding and gave rise to the Counterclaim. The discovery also encompassed the creation and operation of the Trust and the transfers of the cash and properties to the Trust. This discovery has enabled the parties to evaluate the strengths and weaknesses of Ms. Yuan's RealSource Claim, the Counterclaim and the Fraudulent Transfer Claims.

13. The settlement for which the Chapter 7 Trustee seeks approval also addresses the claims filed by Ms. Yuan and the Trust in Mr. Hao's bankruptcy case. These claims are as follows:

    a. Ms. Yuan filed a priority child support claim, Claim Nos. 64 and 70, in the amount of $78,166.67. Claim Nos. 64 and 70 are duplicative.

    b. The Trust filed two general unsecured claims, Claim No. 73 in the amount of $23,400.00 for unpaid rent for the Cabin Creek Property and Claim No. 74 in the amount of $15,000.00 for a loan made to Mr. Hao to pay an attorney fee retainer to file his bankruptcy case.

Claim Nos. 64, 70, 73, and 74 are referred to collectively as the "**Claims**."

14. The Trustee has now reached a settlement with Ms. Yuan to resolve the Adversary Proceeding, the RealSource Claim and the Counterclaim, and with the Trustees of the Trust, Qingpeng Yuan and Wei Mao, to resolve the Fraudulent Transfer Claims. A copy of the Settlement Agreement is attached hereto as Exhibit A.

15. The terms of the settlement may be summarized as follows:

    a.    As part of the overall settlement, Ms. Yuan will release her claim to an interest in the RealSource investment and the distributions therefrom.

    b.    In order to address the Counterclaim, the duplicative priority child support claims, Claim Nos. 64 and 70, will be deemed withdrawn.

    c.    In order to address the Fraudulent Transfer Claims, the Trust will transfer the Cabin Creek Property to the bankruptcy estate. The Trust will pay the closing costs of the transfer, including paying for a title insurance policy on the Cabin Creek Property. Mr. Hao has agreed to vacate the Cabin Creek Property before it is transferred to the bankruptcy estate.

    d.    Claim Nos. 73 and 74, which are general unsecured claims, will also be deemed withdrawn.

    e.    The Settlement Agreement contains general releases of all claims among the Chapter 7 Trustee, Ms. Yuan and the Trustees of the Trust. These releases will take effect when the settlement is approved by the Bankruptcy Court and the closing on the transfer of the Cabin Creek Property to the bankruptcy estate has been completed.

    f.    All claims and counterclaims in the Adversary Proceeding will be dismissed with prejudice.

16. If there is any discrepancy between the Settlement Agreement and the terms of the settlement as described in this Motion, the Settlement Agreement will control.

17. The legal standard for determining the propriety of a bankruptcy settlement is whether the proposed settlement is fair and equitable. "[T]he court is to consider the probability of the trustee's success in any ensuing litigation, any collection difficulties, the complexity, time

6

and expense of the litigation, and the interests of creditors with proper deference to their reasonable views." In re Austin, 186 B.R. 397, 400 (Bankr. E.D. Va. 1995).  The Trustee believes that this settlement is in the best interest of creditors because it reflects an appropriate resolution of the RealSource Claim, the Counterclaim and the Fraudulent Transfer Claims.  Ms. Yuan is waiving her claim to half ownership of the RealSource investment and the distributions therefrom.  In addition, she is waiving her priority child support claim of approximately $78,000.00, which would be entitled to payment in full.  The waiver of this claim will effectively pay a significant portion of the attorney fees incurred by the bankruptcy estate to defend the Adversary Proceeding.  Furthermore, through the transfer of the Cabin Creek Property and the subsequent sale of that property, the Trustee expects that the bankruptcy estate will receive the full value of the Fraudulent Transfer Claims.  The settlement resolves all issues between the bankruptcy estate, on the one hand, and Ms. Yuan and the Trust, on the other hand, and avoids the uncertainty and expense of further litigation.

WHEREFORE, Janet M. Meiburger, Chapter 7 Trustee, by her undersigned counsel, hereby respectfully requests that the Court enter an order approving the settlement of the Adversary Proceeding, the Counterclaim and the Fraudulent Transfer Claims, as described herein, and granting such other and further relief as the Court deems appropriate under the circumstances.

    Respectfully submitted,
    The Meiburger Law Firm, P.C.

Dated: February 2, 2024    By: /s/ Janet M. Meiburger
    Janet M. Meiburger (VSB No. 31842)
    The Meiburger Law Firm, P.C.
    1493 Chain Bridge Road, Suite 201
    McLean, VA  22101
    (703) 556-7871
    Counsel for Chapter 7 Trustee

## **CERTIFICATE OF SERVICE**

I HEREBY certify that on this 2nd day of February, 2024, a true and correct copy of the foregoing Trustee's Motion to Approve a Settlement of the Adversary Proceeding Brought by Ashley Yuan and of the Fraudulent Transfer Claims Against the Yuan-Hao Irrevocable Trust will be served by ECF e-mail pursuant to the applicable Standing Order of the Court, and that a true and correct copy will be served by first class mail, postage prepaid to the following.

Ashley Yuan
500 Main Street
New Windsor, MD 21776

Qingpeng Yuan
2430 Cobblestone Way
Frederick, MD  21702-2626

Wei Mao
500 Main Street
New Windsor, MD 21776


/s/ Janet M. Meiburger
Janet M. Meiburger

J:\Trustee\Hao, Bin (22-10478)\Pleadings\Settlement.Adversary-Trust.Motion.3.doc

# EXHIBIT A

# SETTLEMENT AGREEMENT

This Settlement Agreement (this "**Agreement**"), effective as of the ⟨2d⟩ day of February, 2024 (the "**Effective Date**"), is made by and among (a) Janet M. Meiburger, Chapter 7 Trustee (the "**Chapter 7 Trustee**") for the Estate of Bin Hao in Case No. 22-10478-BFK (the "**Bankruptcy Case**") in the United States Bankruptcy Court for the Eastern District of Virginia, Alexandria Division (the "**Bankruptcy Court**"), on the one hand, and (b) Ashley Yuan, individually ("**Ms. Yuan**"), and Qingpeng Yuan and Wei Mao, individually and as Trustees (the "**Trustees**") of the Yuan-Hao 2021 Irrevocable Trust (the "**Trust**"), on the other hand. The Chapter 7 Trustee, Ms. Yuan and the Trustees are referred to individually as a "Party" and collectively as the "Parties."

**WHEREAS**, Bin Hao filed a voluntary petition under subchapter V of chapter 11 of the United States Bankruptcy Code on April 20, 2022 (the "**Petition Date**").

**WHEREAS**, the Bankruptcy Case was converted to a chapter 7 bankruptcy case by order entered on September 7, 2022 [Docket No. 255].

**WHEREAS**, the Chapter 7 Trustee was appointed on September 8, 2022

**WHEREAS**, Ms. Yuan is Mr. Hao's ex-wife. Ms. Yuan and Mr. Hao were divorced on April 3, 2019, when the Fairfax County Circuit Court entered that certain Final Decree of Divorce *a Vinculo Matrimonii* (the "**Final Decree**"), which incorporated an Amended and Restated Property Settlement Agreement dated November 28, 2018 (the "**Property Settlement Agreement**").

**WHEREAS**, Mr. Hao reported an investment in Antero Apartments on his bankruptcy schedules. The correct name for the entity in which Mr. Hao owned an investment is RealSource Properties OP LP ("**RealSource**"). Mr. Hao reported this investment as entirely owned by him.

**WHEREAS**, on April 3, 2023, Ms. Yuan filed Adversary Proceeding No. 23-01013-BFK against the Trustee (the "**Adversary Proceeding**"), seeking a declaratory judgment that the Property Settlement Agreement gave her half ownership of the RealSource investment, including the distributions from the investment, and that her half of the investment and the distributions were not property of Mr. Hao's bankruptcy estate. Ms. Yuan also sought the imposition of a constructive trust on the investment and the distributions.

**WHEREAS**, the Trustee has raised certain defenses to Ms. Yuan's claims in the Adversary Proceeding and has filed a counterclaim seeking reimbursement for the attorney fees incurred by the bankruptcy estate on the grounds that Ms. Yuan's claim to half ownership of the RealSource investment and the distributions was not made in good faith. The counterclaim also asserts, as an alternative argument, that Ms. Yuan cannot enforce the Property Settlement Agreement because she herself has breached it.

**WHEREAS**, after their divorce, Ms. Yuan and Mr. Hao owned the following properties as tenants in common: 2783 Middleton Farm Court, Oak Hill, VA 20171 (the "**Middleton Farm Property**"); 13008 Cabin Creek Road, Herndon, VA 20171 (the "**Cabin Creek Property**"); and 2208 Jensen Place, Herndon, VA 20170 (the "**Jensen Property**") (the Cabin Creek Property and the Jensen Property are referred to collectively as the "**Properties**").

**WHEREAS,** Ms. Yuan and Mr. Hao sold the Middleton Farm Property in November, 2020, and received approximately $369,000.00 in proceeds from the sale. Of this amount, $50,000.00 was transferred to Ms. Yuan as partial reimbursement for a payment of approximately $80,000.00 that she made toward the mortgage on the Middleton Farm Property before it was sold, leaving approximately $30,000.00 unreimbursed; $19,000.00 was spent; and $300,000.00 was transferred to the Trust. Of the $300,000.00 that was transferred to the Trust, approximately $196,000.00 was used to pay off the mortgages on the Cabin Creek Property and the Jensen Property. In addition, Ms. Yuan has asserted that she is entitled to reimbursement for the remaining approximately $30,000.00 of the payment she made toward the mortgage on the Middleton Farm Property and for a payment that she made of approximately $21,000.00 toward the mortgage on the Cabin Creek Property before it was paid off. After credit for these payments, the remainder of the $300,000.00 transferred to the Trust is approximately $52,000.00, of which Mr. Hao's half is $26,000.00.

**WHEREAS,** the title to the Cabin Creek Property also included the name of Weichang Wang, who was a real estate agent who initially contracted to purchase the Cabin Creek Property. The Parties agree that Mr. Wang did not have any beneficial interest in the Cabin Creek Property.

**WHEREAS,** Ms. Yuan, Mr. Hao and Mr. Wang transferred the Cabin Creek Property to the Trust on January 5, 2021 by deed of gift, without consideration. At the present time, there is no mortgage on the Cabin Creek Property.

**WHEREAS,** Mr. Hao signed a lease for the Cabin Creek Property with the Trust dated January 31, 2021, and he currently lives at the Cabin Creek Property.

**WHEREAS,** Ms. Yuan and Mr. Hao also transferred the Jensen Property to the Trust on January 5, 2021 by deed of gift, without consideration. At the present time, there is no mortgage on the Jensen Property.

**WHEREAS,** although no adversary proceeding has been filed, the Chapter 7 Trustee has asserted that the transfers of the Properties to the Trust, and that the transfer to the Trust of Mr. Hao's half of the remainder of the $300,000.00 in sale proceeds from the Middleton Farm Property, or $26,000.00, are avoidable transfers under 11 U.S.C. §§544 and 548 and under Va. Code §§55.1-400 and 55.1-401 (the "**Fraudulent Transfer Claims**").

**WHEREAS,** Ms. Yuan filed a priority child support claim, Claim Nos. 64 and 70, in the amount of $78,166.67. Claim Nos. 64 and 70 are duplicative.

**WHEREAS,** the Trust filed two general unsecured claims, Claim No. 73 in the amount of $23,400.00 for unpaid rent for the Cabin Creek Property and Claim No. 74 in the amount of $15,000.00 for a loan made to Mr. Hao to pay an attorney fee retainer to file his bankruptcy case. Claim Nos. 64, 70, 73, and 74 are referred to collectively as the "**Claims**."

**WHEREAS,** the Parties have reached a settlement of all of these matters, subject to Bankruptcy Court approval, and wish to resolve all disputes between them.

2

**NOW THEREFORE** in consideration of the exchange of valuable consideration and the covenants and promises herein, the Parties agree as follows:

1. The Trustees will convey the Cabin Creek Property to the Chapter 7 Trustee within five (5) business days after the entry of an order by the Bankruptcy Court approving this settlement (the "**Closing**"). The conveyance will be by general warranty deed and the Trust will pay actual closing costs, which will include title insurance for the bankruptcy estate. The Trustees will sign customary affidavits required by the title insurance company, such as an affidavit that there are no unrecorded liens against the Cabin Creek Property. The Closing will be handled by RL Title and Escrow, Inc. (the "**Title Company**"). The Title Company shall prepare the deed and all other documentation necessary for the conveyance, including but not limited to the authorizing resolutions for the Trust.

2. The obligation of the Chapter 7 Trustee to accept the conveyance of the Cabin Creek Property is subject to the following terms and conditions:

    a. The Cabin Creek Property will be accepted in "as is" condition.

    b. The Cabin Creek Property must be in substantially the same physical condition as it was on January 19, 2024, when Helaine Newman, a realtor who works with the Chapter 7 Trustee, inspected the Property. Ms. Newman will inspect the Property again shortly before Closing.

    c. All personal property and fixtures that customarily convey with real estate, such as appliances, carpeting, window treatments, storm doors and hard-wired security cameras, must remain with the Cabin Creek Property. For the avoidance of doubt, battery-operated removable security cameras do not convey with the Cabin Creek Property.

    d. The title to the Cabin Creek Property must be the same as that shown on the title abstract attached hereto as Exhibit A (the "**Title Abstract**"), and there will be no liens or encumbrances on the Cabin Creek Property, except as shown on the Title Abstract, and there will be no unrecorded liens or encumbrances on the Cabin Creek Property. The Trust will convey title that is good, marketable and insurable with no additional risk premium or non-standard exceptions.

    e. The Cabin Creek Property will be vacant, all personal property will have been removed, and the property will be broom clean at Closing, and the Trust will deliver door keys, mailbox keys, key fobs, codes, digital keys, etc., as applicable.

3. The risk of damage to or loss of the Cabin Creek Property, such as by fire or weather, will remain with the Trust until the Closing.

3

4. Promptly after the releases set forth in Paragraph 9 hereof take effect, the Parties will file a consent order with the Bankruptcy Court dismissing the Adversary Proceeding (including the counterclaim) with prejudice, with each party to bear its own costs and expenses.

5. When the releases set forth in Paragraph 9 hereof take effect, Claim Nos. 64 and 70 will be deemed withdrawn.

6. When the releases set forth in Paragraph 9 hereof take effect, Claim No. 73 will be deemed withdrawn.

7. When the releases set forth in Paragraph 9 hereof take effect, Claim No. 74 will be deemed withdrawn.

8. If there is a default under this Agreement by Ms. Yuan or the Trust, then the Chapter 7 Trustee will have the option of seeking specific performance of this Agreement, or declaring the Agreement null and void. If the Chapter 7 Trustee opts to seek specific performance of this Agreement, then Ms. Yuan and the Trustees will be jointly and severally liable for the attorney fees incurred by the bankruptcy estate to obtain specific performance.

9. Effective upon (a) the execution of the deed conveying the Cabin Creek Property and the other documents required for Closing and the delivery of such documents to the Title Company, (b) the payment of the Closing Costs to the Title Company, and (c) the delivery of possession of the Cabin Creek Property to the Trustee, the Chapter 7 Trustee, on her behalf as trustee and on behalf of the bankruptcy estate, on the one hand, and Ms. Yuan individually and the Trustees, individually and on behalf of the Trust, on the other hand, for valuable consideration, fully release each other from any and all past, present and future demands, causes of action, suits, debts, dues, sums of money, accounts, bonds, bills, trespasses, infringements, damages, liabilities, judgments, claims, and demands whatsoever that they now have, have had or may have, known or unknown, based on or related to all matters, including the Bankruptcy Case, the Adversary Proceeding, the Fraudulent Transfer Claims, and the Claims.

10. This Agreement constitutes a compromise and settlement of issues which are contested. Nothing in this Agreement, or any document referred to herein, nor any act of any party (including, but not limited to, the signing of this Agreement), is or shall be treated as an admission by any Party with respect to such issues.

11. This Agreement constitutes the full, complete and entire agreement and understanding of the Parties, superseding any and all prior or contemporaneous oral or written understandings or agreements, regarding the subject matter hereof. The Parties represent that they have read this Agreement, that they understand the terms hereof, and that they voluntarily signed this Agreement.

12. This Agreement shall be binding upon the Parties, as well as their heirs, beneficiaries, successors, and assigns.

13. This Agreement shall be construed and enforced according to the laws of the Commonwealth of Virginia and applicable federal laws. This Agreement is to be considered to have been jointly prepared by all Parties, and any uncertainty or ambiguity shall not be interpreted against any of the Parties, if any such uncertainty or ambiguity exists.

14. Any dispute regarding this Agreement shall be resolved by the Bankruptcy Court.

15. No changes to this Agreement shall be valid unless set forth in a writing signed by all of the Parties.

16. Each Party acknowledges that he or she has had the benefit and advice of independent legal counsel in connection with this Agreement and understands the meaning of each term of this Agreement and the consequences of signing this Agreement.

17. Each Party represents that he or she has the full and complete authority to enter into this Agreement, to fulfill its provisions and to release the claims addressed herein, except that for the Trustee, her authority is subject to the Bankruptcy Court's approval.

18. This Agreement and the terms and conditions hereof were determined in arms' length negotiations between the Parties and their respective counsel and represent a final, mutually agreeable compromise, subject only to the Bankruptcy Court's approval. This Agreement, if approved by the Court, settles disputed claims, and nothing in it shall be construed as an admission or concession on the part of any party.

19. This Agreement may be executed in counterparts, all of which together shall constitute a single instrument.

20. A facsimile copy, pdf copy or photocopy of the signature of a party shall have the same force and effect as an original signature.

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement as of the date set forth above.

_____  Dated: 2/2/2024
Janet M. Meiburger, Chapter 7 Trustee for
Bin Hao, Case No. 22-10478


_____  Dated: 2/2/2024
Ashley Yuan


_____  Dated: 2/2/2024
Qingpeng Yuan, Individually and as Trustee
of the Yuan-Hao 2021 Irrevocable Trust


_____  Dated: 2/2/2024
Wei Mao, Individually and as Trustee
of the Yuan-Hao 2021 Irrevocable Trust